**VAN DALE INDUSTRIES,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–**
**Appellee.**

No. 94–1353.

United States Court of Appeals,
Federal Circuit.

March 17, 1995.

Steven P. Florsheim, Grunfeld, DeSiderio, Lebowitz & Silverman, New York City, argued, for plaintiff-appellant.

Barbara Silver Williams, Attorney in Charge, Intern. Trade Field Office, Dept. of Justice, New York City, argued, for defendant-appellee. Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Joseph I. Liebman, and Susan Bennett Mansfield, Sr. Trial Counsel, Dept. of Justice, New York City, were on the brief, for defendant-appellee.

Before MICHEL and LOURIE, Circuit Judges, and SMITH, Senior Circuit Judge.

MICHEL, Circuit Judge.

Van Dale Industries (Van Dale) appeals the April 1, 1994 decision of the Court of International Trade, slip opinion 94–54, granting summary judgment affirming the United States Customs Service classification under subheading 6109.10.00 of the Harmonized Tariff Schedule of the United States (HTSUS) of merchandise imported by Van Dale. Because Van Dale has not shown the female undershirts to not fit that classification or to better fit another, we affirm.

## BACKGROUND

Van Dale imported women's or girls' underwear tops that cover the chest area, do not extend below the midriff of the wearer and do not provide support to the breasts. The Customs Service classified the merchandise under subheading 6109.10.00, HTSUS, which applies to "T-shirts, singlets, tank tops and *similar garments* " (emphasis added) at a rate of 21% ad valorem. Van Dale challenged that decision in the Court of International Trade which affirmed the classification.

Van Dale appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5) (1988).

## DISCUSSION

■ The broad issue presented by this case, the meaning of a Customs classification term, is a question of law reviewed by us *de novo* on appeal from a decision of the Court of International Trade. *Simod Am. Corp. v.*

*United States,* 872 F.2d 1572, 1576, 7 Fed. Cir. (T) 82, 86 (1989). Because classification decisions of the Customs Service are presumed correct, the party challenging the classification carries the burden of proof in the trial court. 28 U.S.C. § 2639(a)(1) (1988). As appellant here, Van Dale carries the burden of persuasion.

Van Dale contends that the Court of International Trade misapplied the principle of *ejusdem generis* in concluding that the merchandise was properly classified as a garment "similar" to "T-shirts, singlets and tank tops." "As applicable to classification cases, *ejusdem generis* requires that the imported merchandise possess the essential characteristics or purposes that unite the articles enumerated *eo nomine* in order to be classified under the general terms." *Sports Graphics, Inc. v. U.S.,* 24 F.3d 1390, 1392, —— Fed.Cir. (T) —— (1994). Van Dale argues that T-shirts, singlets and tank tops are united by the essential characteristic of being shirt-type garments whose length always extends downward to the waist or lower, as shown, Van Dale argues, by definitions and illustrations from *Webster's Third New International Dictionary* (1986), *The Fashion Dictionary* (1973) and *Fairchild's Dictionary of Fashion* (2d ed. 1988). According to Van Dale, because the merchandise does not extend to the waist, the Customs Service cannot properly classify it under subheading 6109.10.00, HTSUS.

■ We agree with the Court of International Trade that extending down at least to the waist is not an essential characteristic of the three exemplars, T-shirts, singlets and tank tops. Although the illustrations from the dictionaries cited by Van Dale show shirts of this length, the definitions themselves do not impose such a restriction. Nor does any language in heading 6109, HTSUS.

The definitions cited by Van Dale do indicate, however, that T-shirts and singlets can be undershirts while tank tops are similar to undershirts. An undershirt is defined as "a collarless undergarment with or without sleeves." *Webster's Ninth New Collegiate Dictionary* 1287 (1990). The dictionaries undercut a definition that would require under-

shirts to necessarily extend to the waist or below. The merchandise, however, certainly fits the *Webster* definition of undershirt, establishing that as an undershirt that covers the breasts and a bit below as well as areas of the shoulders and back, the merchandise is "a similar garment" to the exemplars specified in heading 6109, HTSUS. Moreover, as to "purpose," like the exemplars the merchandise provides warmth and covering for modesty although not support to the breasts. We therefore conclude the Customs Service correctly classified the merchandise.

Van Dale contends that the merchandise is properly classifiable under subheading 6108.91.00, HTSUS, which applies to "women's or girls' slips, petticoats, briefs, panties, nightdresses, pajamas, negligees, bathrobes, dressing gowns and similar articles." This classification carries the rate of 9% ad valorem. According to Van Dale, the exemplars are united by the fact that they cover a broad range of women's and girls' underwear garments and, therefore, heading 6108 includes all female underwear garments not specially provided for in some other tariff provision. However, because women's and girls' undershirts are provided for under heading 6109, HTSUS, the merchandise at issue need not fall into any broader categories such as heading 6108, Van Dale's preferred provision, much less its fall back provision, the "catchall" subheading 6114.20.00, HTSUS, for "other garments, knitted or crocheted ... cotton" at 11.5% ad valorem.[1]

That Van Dale must pay far higher duties on its imported merchandise under heading 6109, HTSUS, than under 6108 or 6114 is a consequence not of improper classification by the Customs Service, but choices by the Congress. We have no warrant, given this specific garment, to undo the decision of either.

## CONCLUSION

Because we hold the merchandise at issue as an undershirt is similar to the T-shirts, singlets and tank tops listed as exemplars under heading 6109, HTSUS, the Customs Service properly classified the merchandise

under that provision. Therefore the decision of the Court of International Trade so holding is

*AFFIRMED.*

---

1. On appeal, Van Dale does not raise the argument, made before the Court of International Trade, that the merchandise is properly classifia-

ble under heading 6212, HTSUS, as "brassieres, girdles, corsets, braces, suspenders, garters and similar articles."